UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **THOMAS LEVOYES DAVIS** | : | **DOCKET NO. 2:08-cv-0159**<br>Section P |
| **VS.** | : | **JUDGE MELANCON** |
| **UNITED STATES OF AMERICA, ET AL.** | : | **MAGISTRATE JUDGE HILL** |

## REPORT AND RECOMMENDATION

Currently before the court is the "Petition for Writ of *Habeas Corpus*" filed by *pro se* petitioner, Thomas Levoyes Davis. By the instant action, Davis seeks to renounce his United States citizenship, have this court declare him a citizen of Uganda, Africa, and then order his deportation to Uganda, Africa within fifteen days, providing petitioner with "basic necessities" for his survival in Uganda, Africa, namely, a visa, passport, clothes, and a food and shelter voucher. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).

This court's research reveals that sometime in 2000, petitioner was convicted in the United States District Court for the Eastern District of Michigan of two counts of threatening the President of the United States in violation of 18 U.S.C. § 871 and two counts of threatening to murder a United States Magistrate Judge in violation of 18 U.S.C. § 115(a)(1)(B), for which he was sentenced to serve fourteen years imprisonment.

The charges stemmed from the dismissal of a civil rights action by the United States Magistrate Judge which action had been filed while petitioner was a Michigan state prisoner, and two letters written by petitioner in 1998 and January 25, 1999.  *See United States v. Thomas Levoyes Davis*, 27 F.Appx. 377 (6th Cir. 2001) (unpublished); docket sheet, court exhibit "A".  Accordingly, it is apparent that petitioner is currently serving his federal sentence.

By the instant action, petitioner is attempting to renounce his United States citizenship, gain citizenship of another country and then be deported from this country prior to the expiration of his federal criminal sentence.  Petitioner cites no authority which supports his request for judicial expatriation, judicial naturalization with Uganda, Africa or judicial deportation of a United States citizen while the citizen is serving a federal criminal sentence, nor has the undersigned's research has found any.  To the contrary, authority over such matters lies within the State Department[1], the Consulate of Uganda, the Attorney General of the United States, the Department of Justice and the Department of Homeland Security - Bureau of Immigration and Customs Enforcement, not the federal judiciary.

For this reason,

---

[1] *See* 8 U.S.C. § 1483 which provides that United States Nationals may not lose nationality while within the United States except as provided in § 1481(a)(6) and (7).  Those sections, however, are inapplicable.  Section (6) applies "whenever the United States shall be in a state of war" and section (7) requires the commission of an act of treason.  Formal renunciation of nationality must take place outside the United States before a "diplomatic or consular officer of the United States in a foreign state ..." 8 U.S.C. § 1483(a)(5).  The report of loss of nationality by a diplomat or consular officer must then be approved by the Secretary of State. 8 U.S.C. § 1501.

IT IS RECOMMENDED that the instant action be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

**THUS DONE AND SIGNED in Chambers at Lafayette, Louisiana, March 27, 2008.**

*C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE